1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| JOSEPH ARIAS, JR.,<br><br>                                    Plaintiff,<br><br>                    v.<br><br>D.W. BELL; L. SCRIBNER; J.G. CARPIO;<br>NEWMAN; DR. CHAN; ROWE; and VITELA,<br><br>                                    Defendants. | Civil No.    07cv0096-JM (CAB)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 8]** |

17     Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983.  On May

18   31, 2007, Plaintiff filed a Request for Appointment of Counsel.  In the request, Plaintiff indicates he is

19   unable to afford counsel, and he needs professional assistance to protect his interests in this matter.  For

20   the reasons set forth below, Plaintiff's request is DENIED.

21     "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*,

22   32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  District courts have discretion, however, pursuant

23   to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing

24   of exceptional circumstances.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v.*

25   *County of King*, 883 F.2d 819, 823 (9th Cir. 1989).  "A finding of exceptional circumstances requires an

26   evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his

27   claims *pro se* in light of the complexity of the legal issues involved.'  Neither of these issues is

28   dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017

07cv0096

1    (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

2         Here, it appears that Plaintiff has a sufficient grasp of his case and the legal issues involved, and

3    is able to adequately articulate the basis of his complaint.  In addition, Plaintiff has not shown a

4    likelihood of success or that the complexity of the case requires appointment of counsel.  Under these

5    circumstances, the Court DENIES Plaintiff's request for appointment of counsel, because it is not

6    warranted by the interests of justice.  *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

7         **IT IS SO ORDERED.**

8    DATED:  July 13, 2007

9

10   _____

11   **HON. NITA L. STORMES**
     U.S. Magistrate Judge
     *for* **CATHY ANN BENCIVENGO**

12   _____   United States Magistrate Judge

07cv0096