**FILED**

JUL 17 2007

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ARIAS JR., <br><br> Plaintiff, <br><br> vs. <br><br> D.W. BELL, et al., <br><br> Defendant. | CASE NO. 07CV0096 JM(CAB) <br><br> ORDER DENYING MOTION FOR SERVICE BY U.S. MARSHALL ON ACTIVE MILITARY PERSONNEL |

Plaintiff moves <u>ex parte</u> to compel the U.S. Marshal to serve the summons and complaint on an active military individual, defendant C.O. Rowe. Consistent with Plaintiff's <u>in forma pauperis</u> status, on March 9, 2007 the court ordered all Defendants to be served, including defendant C.O. Rowe. The Form 285 returned by the U.S. Marshal indicated that C.O. Rowe could not be located and indicated that he had been called to active military duty and that a return date was unknown. (Docket No. 7). Even though Plaintiff is proceeding <u>in forma pauperis</u>, he has the burden to identify where the U.S. Marshal may locate the individual for service of process. Further, Plaintiff fails to identify any prejudice or to cite any authority permitting the U.S. Marshall to serve actively deployed military personnel.

Plaintiff contends that he will be prejudiced because the statute of limitations may expire on his 42 U.S.C. §1983 claim prior to service. The prejudice argument on this ground is without merit as the statute of limitations is generally tolled upon filing of a complaint. See <u>Hoffman v. Halden</u> 268 F.2d 280 (9th Cir. 1959). Moreover, for incarcerated individuals not serving a life term the statute of

limitations is tolled for an additional two years. See CAL. CODE CIV. P. § 352.1 Accordingly, the court denies the motion without prejudice.

**IT IS SO ORDERED.**

DATED: 7/17, 2007

JEFFREY T. MILLER
United States District Judge

cc:     All parties