# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ARIAS, JR.<br><br>      Plaintiff,<br><br>vs.<br><br>D.W. BELL, et al.<br><br>      Defendants. | CASE NO. 07cv0096 JM(CAB)<br><br>ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION RE: GRANTING MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND FOR FAILURE TO STATE A CLAIM; GRANTING LEAVE TO AMEND |

On February 12, 2008 Magistrate Judge Cathy Bencivengo entered a Report and Recommendation to Grant Defendants' Motion to Dismiss the First Amended Complaint for Failure to Exhaust Administrative Remedies or in the Alternative to Dismiss Certain Causes of Action as to Certain Defendants for Failure to State a Claim ("R & R"). Plaintiff objects to the Magistrate's finding that he failed (1) to exhaust his administrative remedies and (2) to state a claim under 42 U.S.C. §1983.

**Exhaustion of Administrative Remedies**

At issue are the administrative exhaustion of two Form 602 appeals. In his Objections, Plaintiff clarifies that reasons one, two, and three, (R&R at p.8:2-20), apply to the Form 602 relating to allegations that Defendants knew of the assault before it occurred. Petitioner identifies reasons four and five, (R&R at p.9:1-11), to excuse his failure to exhaust the second Form 602 that relates to his claims for inadequate medical care. (Objections at pp.1:6-12:11).

With respect to the Form 602 related to the assault, the court adopts the reasoning identified in the R&R for proffered reasons one and three. However, with respect to Petitioner's argument that D.W. Bell told him to "send it [the appeal] to Sacramento [third level review] now," FAC ¶23), the court declines to adopt the R&R. Defendants' unenumerated Rule 12(b) motion appropriately goes beyond the pleadings and seeks a factual determination of this issue. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). However, the court concludes that the record is not sufficiently developed for the court to make an informed decision. While the reasons articulated in the R & R provide substantial support for discounting Plaintiff's claim that he was mislead by D.W. Bell's alleged misrepresentation, R & R at p.8:9-15, the court notes that D.W. Bell did not submit a declaration addressing the issue. As D.W. Bell clearly and unequivocally possesses pertinent information concerning the alleged misrepresentation, the failure to submit a declaration addressing the alleged misrepresentation constitutes the failure of Defendants to substantiate this affirmative defense. The submission of a declaration from D.W. Bell is indispensable to making an informed factual determination on the exhaustion issue raised by Defendants.

As D.W. Bell possesses pertinent evidence on the issue of whether Plaintiff was affirmatively misled by him, it is incumbent on Defendants to present a declaration on this point. This is true regardless of whether D.W. Bell has any recollection of the event, affirms Plaintiff's version of events, or presents a contrary version of events. Accordingly, the court declines to adopt the R & R with respect to the Form 602 related to the assault.

In sum, the court adopts the R & R to the extent Plaintiff failed to exhaust his administrative remedies with respect to claims of inadequate medical care.[1] Claims arising within the scope of this Form 602 are dismissed without prejudice. With respect to the Form 602 related to the assault claims, the court declines to adopt the R & R for the above stated reasons. This portion of Defendants' motion is denied without prejudice. In the event Defendants desire to make a further evidentiary showing on this issue, they are instructed to contact the chambers of the undersigned to obtain a hearing date.

**The Motion to Dismiss**

---

[1] The court notes that the Objections raised by Petitioner on the medical care claim have been thoroughly addressed in the R & R. Rather than address the arguments a second time, the court adopts the reasoning set forth in the R & R.

1   In his Objections, Plaintiff sets forth essentially the same arguments considered and addressed in the R & R. Instead of responding to these arguments a second time, the court adopts the R & R in its entirety. Plaintiff is granted 30 days leave to amend from the date of entry of this order to file a Second Amendment Complaint. Leave to amend is limited to (1) the Eighth Amendment failure to protect claim against Defendants Scribner and Newman, and (2) the First Amendment claim for retaliation.

In sum, the court adopts in part and rejects in part the R & R. The court dismisses all claims related to allegations of inadequate medical care without prejudice and without leave to amend for failure to exhaust administrative remedies. The court dismisses all claims for failure to state a claim except the (1) the Eighth Amendment failure to protect claim against Defendants Scribner and Newman and (2) the First Amendment claim for retaliation. Plaintiff is granted 30 days leave to amend from the date of entry of this order.

**IT IS SO ORDERED.**

DATED: September 23, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties