# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ARIAS, JR.<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>D.W. BELL, et al.<br><br>　　　　　　　　　　Defendants. | CASE NO. 07cv0096 JM(CAB)<br><br>ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND |

On September 23, 2008 the court adopted in part and denied in part the Report and Recommendation re: Granting Motion to Dismiss for Failure to Exhaust and Failure to State a Claim ("Order"). In the Order, the court granted Defendants' motion to dismiss the inadequate medical claims for failure to exhaust administrative remedies. The Order also denied the motion to dismiss the assault related claims for failure to exhaust. Defendants now present additional evidence in support of their motion to dismiss the assault related claims for failure to timely exhaust available administrative remedies. Plaintiff has not filed an opposition to the motion nor a statement of non-opposition as required by Local Rule 7.1(e)(2).

Defendants' unenumerated Rule 12(b) motion appropriately goes beyond the pleadings and seeks a factual determination on the exhaustion issue. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. Defendants come forward with substantial evidence to show that (1) Plaintiff failed to timely exhaust his administrative remedies with respect to the Form 602 assault claims, (Bell Decl. ¶6), and (2) Plaintiff was not affirmatively

misled with respect to the administrative processing of prisoner appeals. Plaintiff does not dispute that he failed to timely exhaust his administrative remedies. Rather, he argues that D.W. Bell told him to send the appeal to the Third Level of appeal and therefore he should be excused from the exhaustion requirements. Plaintiff's argument is not persuasive as the court finds that he was not misled by D.W. Bell.

Defendants submit evidence that Plaintiff received clear directions in two written documents setting forth clearly and concisely what steps to take to properly exhaust the appeal. The Form 602 specifically provides, under the area for the First Level reviewer's action, "If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response." (Bell Decl. Exh. A). The Form 602 then set forth additional blank lines that indicated all steps that had to be taken for each level of review. Further, as noted in the Report and Recommendation ("R & R") the grievance process is relatively simple, made readily available to all inmates, and Plaintiff had previously successfully exhausted his claims. R & R at p.8:9-15).

Defendants also submit the declaration of D.W. Bell, the Appeals Coordinator at Calipatria State Prison, wherein he declares and identifies his familiarity with inmate appeals submitted at the institutional level. (Bell Suppl. Decl. ¶2). Although D.W. Bell does not have any specific recollection of telling Plaintiff what was the next necessary step to prosecute his Form 602 appeal, he does declare that he has never told an inmate to send an appeal directly to Sacramento to appeal a First Level response. (Bell Suppl. Decl. ¶4). D.W. Bell declares that Plaintiff had submitted two appeals in 2005 related to disciplinary actions. "Because these two appeals related to disciplinary actions, the Informal and First Levels were automatically by-passed pursuant to California Code of Regulations title 15, section 3084.5. Thus, the first response received by Arias in each one of these two appeals was from the Second Level. If Arias wished to further appeal any of these, his next step would have been to send the appeal to the Director's Level (i.e. Third Level) in Sacramento." Id. at ¶8. In light of the disciplinary nature of the 2005 appeals, Plaintiff was not required to exhaust the First and Second Levels. While Plaintiff may have mistakenly believed that the Form 602 at issue did not require submission to the First and Second Levels as did the 2005 appeals, such a mistaken belief does not

1  excuse Plaintiff from timely exhausting available administrative remedies.

2      In sum, the court finds that Plaintiff did not timely exhaust available administrative remedies
3  nor was he misled by D.W. Bell as to the appeals process. Consequently, the court grants Defendants'
4  motion to dismiss the assault related claims without leave to amend. As all other claims have been
5  dismissed, the Clerk of Court is instructed to close the file.

6      **IT IS SO ORDERED.**

7  DATED: January 6, 2009

8                                        Hon. Jeffrey T. Miller
9                                        United States District Judge

cc:        All parties